### READING AND WIFE v. THE PENNSYLVANIA RAILROAD COMPANY.

1. The marriage of a woman after injuries received in a railroad accident, cannot affect her right to recover damages for the loss of her capacity to earn money.
2. The question of the loss and the capacity to earn money properly left to the jury.

---

On rule to show cause.

Argued at November Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the plaintiff, *Gebhardt, Moore & Pancoast.*

For the defendant, *P. L. Voorhees.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is brought by husband and wife for alleged injuries done by the carelessness of the servants of the defendant.

Among other matters, the trial judge charged that in estimating the damages inflicted upon the wife they had a right to take into account the loss, if any, of "her capacity to earn money." This particular of the instructions is objected to, on

the ground that the woman had married after the accident in question, that if there was any diminution of the capacity of the wife to earn money the husband during the marriage was the loser, and not the wife. But this view is fallacious. The husband lost nothing by this particular disability of the wife; when he married her the deprivation existed, and, consequently, he had never possessed or become entitled to that which had suffered impairment. It is plain that the loss in this respect was that of the wife. The fact that she by her marriage has acquired the right to be supported by her husband, cannot affect the principle in question, though it may affect in a material degree the value of the thing lost. When we come to estimate the value of a corporal ability, considered solely in the light of a money producing power, it is obvious the likelihood of its being useful, or the reverse is a consideration of primary importance. In a pecuniary point of view the value of his voice to a public singer is out of all proportion more valuable than is the voice of a person who does not employ it as a means of livelihood. The questions of the loss and the value of the capacity to earn money that was impaired in the present instance were left properly to the jury.

We find nothing in the case that will warrant any judicial interference with the verdict in this case.

The rule must be discharged.